IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,                          No. CIV S-11-0646 GEB GGH

  vs.

LUIS AQUINO, et al.,

        Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for default judgment against Defendants Luis Aquino, Gladys Aquino, and Ramon Bravo, filed October 26, 2011, was submitted without a hearing. Defendants filed no opposition. Upon review of the motion and supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On March 9, 2011, plaintiff filed the underlying complaint in this action against defendants Luis Aquino, Gladys Aquino, and Ramon Bravo, doing business as Margaritas Restaurant, located at 901 Redwood Street, Vallejo, California. See Complaint, at p. 3; Ownership & Operations Documentation, attached as exhibit B to Complaint. Plaintiff alleges he visited the restaurant on or about November 17, 2010 and January 5, 2011, but encountered architectural barriers in the form of the lack of "correct number and type of properly configured

1

disabled parking space(s) including the lack of a van accessible disabled parking space, ..., accessible route ..., accessible restrooms..., accessible entrance..., accessibility signage, striping, accessible cashier/service counter..., and accessible dining table..." Complaint, at pp. 4-5. Plaintiff has supplied facts pertaining to each alleged defect and its effect on him.[1] He asserts that these defects constitute violations of the Americans With Disabilities Act and state law. The summons and complaint were personally served on defendants Luis Aquino and Gladys Aquino, on May 1, 2011. The summons and complaint were personally served on defendant Ramon Bravo on June 10, 2011. Fed. R. Civ. P. 4(e)(2). <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendants have failed to file an answer or otherwise defend in this action. On June 14, 2011, the Clerk entered default against defendants Gladys Aquino and Luis Aquino. On August 10, 2011, the Clerk entered default against defendant Ramon Bravo.

The instant motion for default judgment and supporting papers were served on defendants. Plaintiff seeks an entry of default judgment in the amount of $8,000 pursuant to California Civil Code section 52(a) as well as injunctive relief.[2]

<u>DISCUSSION</u>

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir.

---

[1] The complaint alleges two actual visits in which plaintiff encountered the specific architectural barriers for which he seeks injunctive relief. (Compl. at 5.) The undersigned presumes that plaintiff has personal knowledge of these alleged deficiencies. Plaintiff is informed that to the extent that he has not personally encountered alleged barriers, or otherwise has actual knowledge of the deficiencies, he should not be seeking injunctive relief.

[2] Cal. Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6."

1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Plaintiff is entitled to statutory damages for each "offense," i.e., each obstructed visit. Feezor v. DeTaco, Inc., 431 F.Supp.2d 1088 (S.D. Cal. 2005).

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiff's motion for entry of default judgment be GRANTED as to Defendants Luis Aquino, Gladys Aquino, and Ramon Bravo in the amount of $8,000; and

2. Injunctive relief be granted against defendants Luis Aquino, Gladys Aquino, and Ramon Bravo requiring the correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space, an accessible route, accessible restrooms, accessible entrance, accessability signage, striping, accessible cashier/service counter, and accessible dining table, at Margaritas Restaurant, located at 901 Redwood Street, Vallejo, California, in conformity with the Americans with Disabilities Act Accessibility Guidelines (ADAAG) as set forth in 28 Code of Federal Regulations, Part 36.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties

\\\\\

1 are advised that failure to file objections within the specified time may waive the right to appeal
2 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: January 6, 2012

                                /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE

6 GGH:076/Johnson0646.def.wpd